UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN QUINN et al.,

                Plaintiffs,

      v.

STATE FARM FIRE AND CASUALTY
COMPANY,

                Defendant.

CASE NO. 3:26-cv-05016-DGE

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte on its review of the record.  On January 8, 2026, Defendant State Farm Fire and Casualty Company ("State Farm") filed a notice of removal with this Court.  (Dkt. No. 1.)  Defendant argues removal was properly based on diversity jurisdiction.  (*Id.* at 2.)

A matter is properly removed based on diversity where "the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

ORDER TO SHOW CAUSE - 1

Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).  In addition, where the state court complaint does not specify a particular amount in damages, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper by a preponderance of evidence.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–404 (9th Cir. 1996).

Here, Plaintiffs' complaint asserts claims for breach of contract, bad faith, and violations of the Washington Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA").  (Dkt. No. 1-1 at 6.) Their complaint outlines various repair costs, estimates, and payments (*see id.* at 2–4), but they do not fully quantify damages.  Plaintiffs instead list their request for "[d]amages in an amount to be proven at trial[,]" "[e]xemplary damages, attorney fees and costs under the IFCA[,]" and "[e]nhanced damages and attorney fees under the CPA[.]"  (*Id.* at 6.)  Plaintiffs also seek attorney fees.  (*Id.*)

Defendant asserts removal is proper because the total amount in controversy is a combined $37,863.25 for Plaintiffs' alleged repairs and $37,863.25 for treble damages, attorney fees, and pre- and post-judgment interest, totaling an amount "well in excess of $75,000[.]" (Dkt. No. 1 at 2.)  Defendant cites to its own declaration in support of these statements.  (*See id.* (citing Dkt. No. 2 at 2).)  The Court is unclear how Defendant arrived at that figure because treble damages under the CPA are capped at $25,0000.  *See* Wash. Rev. Code § 19.86.090.  On the Court's math, adding the repair estimate with the capped treble damages yields an amount in controversy of only $62,863.25.

Accordingly, no later than **February 4, 2026**, (1) Defendant SHALL provide a breakdown of its calculation of the amount in controversy and SHALL include a line item for

ORDER TO SHOW CAUSE - 2

each category of damages used to calculate said figure, and (2) Plaintiffs SHALL identify the approximate amount of total damages they claim in this litigation along with a line item for each category of damages used to calculate their total damages.

The Clerk is directed to calendar this event.

Dated this 21st day of January 2026.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 3